UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALBERT LEE MITCHELL,<br>Petitioner,<br>v.<br>UNITED STATES OF AMERICA,<br>Respondent. | No. 2:25-cv-03411-SCR<br><br>ORDER AND<br>FINDINGS & RECOMMENDATIONS |

Petitioner, a former federal prisoner who is representing himself, filed the instant habeas corpus action pursuant to 28 U.S.C. § 2241 in this judicial district, where he was convicted. ECF No. 1. For the reasons explained below, the undersigned recommends summarily denying Petitioner's § 2241 application.

**I. Factual and Procedural History**

Following a jury trial, Petitioner was convicted of knowingly receiving child pornography in violation of 18 U.S.C. § 2252(a)(2). See United States v. Mitchell, Case No. 2:12-cr-00401-KJM-1 (E.D. Cal.). On November 28, 2016, he was sentenced to serve 120 months in custody followed by lifetime supervised release. Id. at ECF No. 201 (Judgment and Commitment Order).

He appealed his conviction challenging his lack of meaningful access to discovery materials, the lack of a special jury instruction on third-party culpability evidence, and cumulative error. The Ninth Circuit Court of Appeal affirmed his conviction on March 1, 2018. Id. at ECF No. 210 (Memorandum Opinion).

Following his direct appeal, Petitioner filed a motion to vacate, set aside, or correct his sentence in June 2019. Id. at ECF No. 218. The Court appointed counsel to represent Petitioner in post-conviction proceedings. Id. at ECF No. 220. On August 9, 2022, Petitioner's § 2255 motion was denied. ECF No. 328. Specifically, the former District Judge assigned to the case determined that the majority of Petitioner's § 2255 claims "other than claims of ineffective assistance of counsel and actual innocence" were procedurally defaulted because Petitioner did not raise them on direct appeal. Id. at ECF No. 328. Since Petitioner did not establish any cause for failing to raise these claims on direct appeal or show how "the alleged errors 'worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions,'" the Court declined to review the § 2255 claims on the merits. Id. With respect to his assertion of actual innocence, the District Judge emphasized that Petitioner "has not pointed to, or suggested, any evidence that, if presented to a jury, would make it more likely than not no reasonable jury would have convicted him." Id. at 7. Finally, the District Judge denied all thirty-two claims of ineffective assistance of counsel based on lack of prejudice because Petitioner did not demonstrate that the outcome of his trial would have been different absent the challenged acts or omissions of counsel. Id. at 9-10. As the District Judge summarized:

> The record of the trial discloses the evidence of child pornography found on [Petitioner]'s computers was overwhelming and, as noted, the parties stipulated to the fact that child pornography had been downloaded onto [Petitioner]'s computers. The primary dispute at trial was whether [Petitioner] or someone else had downloaded the material onto the computers; a secondary dispute was whether there was a 'two-way' exchange on [Petitioner]'s computers that would allow someone 'at a quite remote site' to download material onto the computers. *See* R.T. (6/15/2016) at 181. [Petitioner] presented evidence through a defense expert that such remote download were possible. As noted, [Petitioner] also blamed George Perry for the downloads. Both [Petitioner] and Perry testified at trial, and the jury had ample opportunity to hear and consider their testimony together with all of the other evidence.

Id. at 10.[1] Therefore, the IAC claims in the § 2255 motion were denied.

Petitioner appealed the denial of his § 2255 motion in 2022. Id. at ECF No. 331. The

[1] The Court has changed the term "defendant" to Petitioner to accurately reflect the procedural posture of this case.

Ninth Circuit denied his request for a certificate of appealability on February 1, 2024. Id. at ECF No. 368.

During the pendency of his § 2255 proceedings before the District Judge, Petitioner also filed a motion for compassionate release pursuant to 18 U.S.C. § 3582(c) while he was represented by counsel. Id. at ECF No. 253. This motion was denied on May 28, 2020. Id. at ECF No. 266. Petitioner filed a motion to reconsider that decision, which was also denied. Id. at ECF Nos. 273, 284. Petitioner also appealed to the Ninth Circuit Court of Appeal challenging his right to represent himself in his § 2255 proceedings. Id. at ECF Nos. 287, 307. Following the denial of his § 2255 motion, Petitioner filed another motion for compassionate release that was denied by the District Judge on December 8, 2022. ECF No. 330.

The pending § 2241 application was transferred to this Court by the Ninth Circuit Court of Appeal as part of its order denying Petitioner authorization to file a second or successive § 2255 motion. ECF No. 1. When transferring the § 2241 petition, the Ninth Circuit expressly left it to this Court to decide whether Petitioner had demonstrated that he qualified for the escape hatch exception of 28 U.S.C. § 2255(e) to be able to challenge his conviction via a § 2241 petition. ECF No. 1 at 2.

In the § 2241 application, Petitioner contends that he meets the escape hatch exception of § 2255(e) based on his actual innocence, denial of due process, discovery of falsified evidence, evidentiary violations, outrageous government conduct, ineffective assistance of counsel, judicial error, and insufficient evidence to support his conviction. ECF No. 1. Petitioner describes each of these claims in a conclusory fashion and does not point to any new evidence demonstrating his actual innocence. Instead, Petitioner requests an evidentiary hearing in order to do so.

**II. Rules Governing Summary Dismissal**

Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, the Court must conduct a preliminary review and summarily dismiss any habeas petition "[i]f it plainly appears from the petition and any attached exhibits that petitioner is not entitled to relief."[2] The court has

[2] These rules apply to the instant § 2241 petition based on Rule 1(b) which permits the district court to apply the Rules Governing Section 2254 Cases "to a habeas corpus petition not covered

conducted that preliminary review and determined that Petitioner's § 2241 application should be summarily dismissed as it plainly appears from the record that he does not meet the escape hatch requirements of § 2255(e).

**III. Legal Standards Governing Second or Successive § 2255 Motions**

Federal inmates have two avenues for pursuing habeas corpus relief. First, a challenge to a federal prisoner's conviction or sentence can be raised through a motion to vacate, set aside, or correct the sentence pursuant to § 2255. Section 2255 motions are filed in the judicial district where the conviction occurred. Alternatively, a federal inmate challenging the manner, location, or conditions involved in the execution of their sentence, may file a habeas corpus petition pursuant to § 2241. See Hernandez v. Campbell, 204 F.3d 861, 864 (9th Cir. 2000). Federal law also provides one exception to these broad categories of post-conviction relief referred to as the "escape hatch."

> An application for writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e). This "escape hatch" permits a federal prisoner to "'file a habeas corpus petition pursuant to § 2241 to contest the legality of a sentence where his remedy under § 2255 is 'inadequate or ineffective to test the legality of his dentition.'" Stephens v. Herrera, 464 F.3d 895, 897 (9th Cir. 2006) (quoting Hernandez, 204 F.3d at 864-65). However, courts apply this exception narrowly. See Ivy v. Pontesso, 328 F.3d 1057, 1059 (9th Cir. 2003). Petitioner has the burden of demonstrating that his § 2255 remedy is inadequate or ineffective. Redfield v. United States, 315 F.2d 76, 83 (9th Cir. 1963).

In order to qualify for this escape hatch exception, a federal prisoner must not only make a claim of actual innocence, but also demonstrate that he did not have an unobstructed procedural shot at presenting that claim for relief. See Stephens v. Herrera, 464 F.3d 895, 898 (9th Cir.

---

by Rule 1(a). See also Rule 4(b) of the Rules Governing Section 2255 Proceedings.

2006); Harrison v. Ollison, 519 F.3d 952, 959 (2008). Actual innocence is defined as not mere legal insufficiency of the evidence. See Bousley v. United States, 523 U.S. 614, 623 (1998). "To establish actual innocence, petitioner must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." Bousley, 523 U.S. at 623.

To determine whether Petitioner had an unobstructed procedural shot at presenting a claim for relief, the Court considers "whether the legal basis for petitioner's claim 'did not arise until after he had exhausted his direct appeal and first § 2255 motion;' and (2) whether the law changed 'in any way relevant' to petitioner's claim after that first § 2255 motion." Harrison, 519 F.3d at 960 (quoting Ivy, 328 F.3d at 1060-61)). Moreover, "[a]n intervening court decision must 'effect a material change in the applicable law' to establish unavailability" of a claim on direct appeal or in a prior § 2255 motion. Alaimalo v. United States, 645 F.3d 1042, 1047 (9th Cir. 2011) (quoting Harrison, 519 F.3d at 960). A subsequent court decision that "provides further clarification" does not materially change the applicable law. Alaimalo, 645 F.3d at 1048. A § 2255 remedy will not be deemed "inadequate or ineffective" merely because the claims presented in it were denied or precluded from being raised in a second or successive motion. See Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir. 1988) (emphasizing that "[a] remedy is not inadequate or ineffective under section 2255 merely because the sentencing court denied relief on the merits"); Moore v. Reno, 15 F.3d 1054 (9th Cir. 1999) (concluding that a § 2255 remedy was not inadequate or ineffective because the court of appeal refused to grant his application to file a second or successive motion).

**IV. Analysis**

Petitioner does not qualify for the escape hatch exception under § 2255(e) because he already had an unobstructed procedural shot at presenting all of the claims he raises in his § 2241 petition. ECF No. 1. Nor has Petitioner demonstrated that the legal basis for his claims arose after his direct appeal and § 2255 motion, or that there has been any change in the law that made his claims for relief previously unavailable. See Harrison, 519 F.3d at 960. As the factual and procedural history section demonstrates, *supra*, Petitioner has pursued multiple direct appeal and post-conviction remedies raising the claims he now presents in the pending § 2241 application.

Each of these legal avenues offered Petitioner an unobstructed procedural shot at presenting his current claims of due process violations, actual innocence, government misconduct, and evidentiary challenges. Moreover, Petitioner's actual innocence argument based on third party culpability was presented at trial and rejected by the jury. He has not shown that that argument is more persuasive now, ten years later. Petitioner's § 2255 remedy was not "inadequate or ineffective" to raise his ineffective assistance of counsel claims or his various other claims for relief. Therefore, Petitioner fails to meet this prong of the escape hatch exception to allow him to proceed via a § 2241 petition. For all these reasons, the undersigned recommends summarily dismissing the § 2241 petition.

Accordingly, IT IS HEREBY ORDERED that the Clerk of Court randomly assign this matter to a district judge.

IT IS FURTHER RECOMMENDED that:

1. Petitioner's application for a writ of habeas corpus be summarily dismissed.
2. All pending motions (ECF No. 5) be denied as moot.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Where, as here, a habeas petition is dismissed on procedural grounds, a certificate of appealability "should issue if the prisoner can show: (1) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling;' and (2) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right.'" Morris v. Woodford, 229 F.3d 775, 780 (9th Cir. 2000) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)). Any response to the objections shall be filed and served within fourteen days after service of the objections. The parties are advised that failure to file objections within the

////

////

specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: October 27, 2026

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE